UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG DIVISION

ANN HUNT,

      PLAINTIFF,

v.                                     Civil Action No.   1:19-CV-13 (Keeley)

INTERACTIVE MEDICAL SPECIALISTS, INC.
and JALEH EBRAHIMI,

      DEFENDANTS.

ELECTRONICALLY FILED
Jan 25 2019
U.S. DISTRICT COURT
Northern District of WV

**INDIVIDUAL AND COLLECTIVE/CLASS ACTION COMPLAINT**

**NATURE OF THE ACTION, JURISDICTION AND VENUE**

1. This is an individual and collective/class action under the Fair Labor Standards Act of 1938 (FLSA) (29 U.S.C. § 201 *et seq.,*) to recover damages for non-payment of wages at the minimum wage rate for Plaintiff and all others similarly situated.

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331. This action is authorized and instituted under the FLSA.

3. The actions alleged to be unlawful were committed in part in and around Hazleton, Preston County, West Virginia, and elsewhere in West Virginia and numerous other states where Plaintiff and others similarly situated worked for Defendant Interactive Medical Services, Inc. ("IMS"). Therefore, this action is within the jurisdiction of, and venue is proper in, the United States District Court for the Northern District of West Virginia.

## THE PARTIES

4. Plaintiff Ann Hunt is a resident of Preston County, West Virginia. She is employed by IMS as a phlebotomist, and has been assigned by IMS to perform work for the Federal Bureau of Prisons at FCC Hazleton, located in Preston County, WV.

5. Defendant IMS is a California corporation with its principal place of business at 454 Las Gallinas Avenue, San Rafael, California 94903. IMS' primary business is to provide medical specialists, including but not limited to, phlebotomists, dental hygienists, certified medical assistants, medical lab technicians, dental assistants, LPN's, dieticians, X-Ray technologists, and pharmacy technicians to the Department of Veterans Affairs and the Bureau of Prisons ("hereinafter, "IMS specialists"). IMS employs the aforementioned specialists and assigns them to various sites specified in service contracts IMS enters into with the United States Government. IMS engages in this business within West Virginia and in numerous other states.

6. Defendant Jaleh Ebrahimi is, upon information and belief, a California resident. Ms. Ebrahimi is the President of IMS. Ms. Ebrahimi is, along with certain other unknown individuals employed by or acting as agents of IMS, responsible for recruiting, hiring, assigning and paying the specialists listed in paragraph 5.

## BACKGROUND AND STATEMENT OF CLAIMS

7. On October 2, 2018, Ann Hunt signed an employment contact, provided to Hunt by IMS via e-mail, a copy of which is attached as "Exhibit 1." Pursuant to the employment contract, Ann Hunt was to work as a phlebotomist at FCC Hazleton 30-40 hours per week, and to be paid wages of $14.14 per hour, plus fringe benefits of $4.18 per hour. In accord with hand-

written notation on the contract, Ann Hunt and Defendant IMS agreed that, rather than be paid fringe benefits worth $4.18 per hour, Ann Hunt would receive $4.13 in additional wages, less $0.05 per hour that would be deducted by IMS for taxes on this amount.

8. Upon information and belief, Exhibit 1 is substantially similar to numerous other employment contracts drafted by Defendant IMS and/or its agents, sent by mail or e-mail by IMS to specialists throughout the country, signed by those specialists, and returned to IMS by mail or e-mail.  Pursuant to these contracts, IMS assigns specialists to perform services for the Department of Veterans Affairs and the Bureau of Prisons, and perhaps other federal agencies.  The substantial similarity among the contracts signed by IMS specialists includes, but is not limited to the following points:

- IMS specialists are supposed to e-mail or fax their time records to IMS (referred to as "invoices" in the IMS agreement) twice each month.
- Upon receipt of "invoices" IMS is to pay specialists the wages and benefits specified in their contracts twice each month.
- Payment is to be made by IMS by regular mail or electronic transfer.  If a specialist opts for electronic transfer, the specialist is required to complete a form supplied by IMS and to provide a void check.

9. Ann Hunt opted to be paid by electronic transfer and fulfilled the administrative requirements set forth in Exhibit 1.  Upon information and belief, the vast majority, if not all IMS specialists likewise opted for electronic transfer and fulfilled IMS' administrative requirements.

3

8303577.1

10. Exhibit 2 is a "pay stub" provided to Ann Hunt via e-mail by Defendant IMS. The "pay stub" reflects work performed during by Ann Hunt the December 16-December 31, 2018 pay period.[1] The pay stub also reflects that Ann Hunt earned 8 hours of holiday pay during that same period. The net payment of $1,199.37 reflected on the pay stub was made by IMS to Ann Hunt via electronic transfer, confirming that she had fulfilled IMS' administrative requirements for payment by electronic transfer. Upon information and belief numerous other IMS specialists completed the administrative requirements and received payment via electronic transfer for work performed during the December 16-December 31, 2018 pay period.

11. Ann Hunt continued to work her regular schedule at FCC Hazleton during the January 1-January 15, 2019 pay period. Exhibit 3 is a January 10, 2019 letter sent by Defendant Jaleh Ebrahimi on behalf of Defendant IMS via e-mail to Ann Hunt, and (upon information and belief) via e-mail to all other IMS specialists. The letter instructs specialists to send their time sheets on January 15, and indicates that they are expected to continue working, although IMS anticipated being unable to pay them their wages and fringe benefits due.

12. On January 15, Plaintiff Ann Hunt and (upon information and belief) numerous other IMS specialists submitted their time sheets to IMS as instructed. Ann Hunt's record reflected that she worked 88 hours during the pay period. In addition, Ann Hunt and numerous other IMS specialists are entitled to holiday pay for New Year's Day.

---

[1] However, upon information and belief, IMS included pay for time worked on January 1, 2019 with this pay period.

4

8303577.1

13. When Ann Hunt checked her bank account on January 16, 2019, she confirmed that, in fact, IMS had not deposited payment for her wages. Exhibit 4 is a copy of an e-mail exchange between Ann Hunt and Defendant Jaleh Ebrahimi on January 16, 2019 in which Ann Hunt explained that she is owed $1,612.16, less deductions, and requested payment. In response, Defendant Jaleh Ebrahimi wrote that IMS "has no money to pay anybody."

14. Upon information and belief, numerous IMS specialists submitted time sheets for the January 1-Janaury 15, 2019 pay period, but were not paid by IMS for the work that they performed on IMS' behalf.

15. Ann Hunt, and (upon information and belief) numerous other IMS specialists continue to perform work for IMS without being paid.

16. Defendant IMS has violated, and continues to violate, the FLSA (29 U.S.C. § 201 *et seq.*), specifically, 29 U.S.C. § 206(e)(1). This provision requires that IMS pay its specialists not less than the federal minimum wage. IMS has failed to do so. Defendant Jaleh Ebrahimi is liable for violating 29 U.S.C. § 206(e)(1) because she has a significant ownership interest in IMS, because she has a significant role in directing the operations of IMS, and because she personally made the decision(s) which caused IMS to violate 29 U.S.C. § 206(e)(1).

17. The defense of qualified immunity is not available in this case because the FLSA specifically directs Defendants to pay IMS specialists not less than minimum wage, and no directive of the federal government has contravened or suspended this law.

18. Defendants' violations of 29 U.S.C. § 206(e)(1) are not in good faith. Rather, they are knowing and willful.

## COLLECTIVE/CLASS ACTION ALLEGATIONS

19. Upon information and belief Defendant IMS employs approximately 70 specialists in numerous states. The vast majority are employed pursuant to substantially similar employment contracts, and have been subjected to the exact same violation of federal law, as set forth in paragraph 16. Specifically, the specialists have not been paid at least minimum wage, and the reason cited by Defendants for non-payment is in each case the unavailability of funds due to the federal government shut down. For the purpose of this civil action, the specialists comprise a putative class defined as follows:

> All medical specialists, including but not limited to, phlebotomists, dental hygienists, certified medical assistants, medical lab technicians, dental assistants, LPN's, dieticians, X-Ray technologists, and pharmacy technicians who during the period beginning January 1, 2019 and continuing to the present are or were employed by Interactive Medical Specialists, Inc. ("IMS") and who have provided services on behalf of IMS to agencies of the United States, including but not limited the Department of Veterans Affairs and the Bureau of Prisons, and who have not been paid at least minimum wage for the work that they performed.

20. The putative class is so numerous that joinder of all members is impracticable.

21. Questions of law, specifically whether Defendants violated 29 U.S.C. § 206(e)(1) are common to the putative class.

22. Questions of fact, specifically, whether members of the putative class were paid less than minimum wage, are common to the putative class.

23. The claims of Ann Hunt are typical of, if not identical to, the claims of the other members of the putative class.

24. Although Ann Hunt cannot foresee any valid defenses available to Defendants, the nature of her claims is such that, should any defenses to her claims be raised, they will be typical of, if not identical to, those defenses applicable to claims by members of the putative class.

25. Ann Hunt will fairly and adequately protect the interests of the putative class.

26. Counsel for Ann Hunt is experienced in the field of labor and employment law and class actions, and will fairly and competently represent the interests of the putative class.

27. The questions of law or fact common to the putative class members predominate over any questions affecting only individual members. As noted above, the questions of law are common. To the extent there are individual factual differences (such as, payment by mail or electronically, payment of different combinations of wages and benefits), these differences merely require calculation of damages. They do not overshadow the primary, common factual issue, which is whether putative class members have been paid at least minimum wage for the work they have performed.

28. Proof of liability depends upon the conduct of Defendants, not on the conduct of individual putative class members.

29. Defendants have acted on grounds that apply to the putative class, making declaratory relief appropriate respecting the putative class as a whole.

30. There are no conflicts of interest among putative class members.

31. Given the number of putative class members, the geographic dispersal of putative class members, and the amount of damages each putative class member is entitled to, a class action is superior to bringing claims on an individual basis, because a class action promotes judicial efficiency and affords putative class members a better opportunity to obtain the relief they are entitled to.

WHEREFORE: Ann Hunt, individually and as representative of the putative class, respectfully requests the following relief:

- That she and all other members of the putative class be awarded their unpaid wages.
- That she and all other members of the putative class be awarded liquidated damages as provided for in 29 U.S.C. § 216(b).
- That she and all other member of the putative class be awarded attorney's fees as provided for in 29 U.S.C. § 216(b).
- That Ann Hunt and the putative class be awarded the costs incurred in bringing this action.
- That she be awarded a reasonable amount in consideration for her role as putative class representative.
- That this Court issue an injunction prohibiting IMS from further violation of the FLSA.
- That this Court order such other relief as it may deem just and proper.

Respectfully submitted this 25th day of January, 2019.

|  |  |
|---|---|
|  | /s/  John R. Merinar, Jr. |
|  | John R. Merinar, Jr.          (WV ID # 6080) |
| STEPTOE & JOHNSON PLLC | 400 White Oaks Blvd. |
| Of Counsel | Bridgeport, WV  26330 |
|  | (304) 933-8135 |

*Counsel for Plaintiff Ann Hunt*

8303577.1