## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ANN HUNT,

      Plaintiff,

v.                           CIVIL ACTION NO. 1:19CV13
                                   (Judge Keeley)

INTERACTIVE MEDICAL SPECIALISTS, INC. and
JALEH EBRAHIMI,

      Defendants.

## MEMORANDUM OPINION AND
## ORDER CONCLUDING THE PLAINTIFF HAS
## STANDING, THE COURT HAS PERSONAL JURISDICTION
## AND VENUE, AND SETTING A SECOND SCHEDULING CONFERENCE

### I. BACKGROUND

On January 25, 2019, the plaintiff, Ann Hunt ("Hunt"), filed a complaint alleging that the defendants, Interactive Medical Specialists, Inc. and Jaleh Ebrahimi (collectively, "the Defendants"), violated the Fair Labor Standards Act of 1938 ("FLSA") by failing to pay her, and others similarly situated, not less than the federal minimum wage for work performed during the most recent federal government shutdown, which began on December 22, 2018, and ended 35 days later on January 25, 2019 (Dkt. No. 1). She later amended her complaint on March 13, 2019 (Dkt. No. 4). The Defendants answered the amended complaint on May 15, 2019 (Dkt. No. 10).

**MEMORANDUM OPINION AND
ORDER CONCLUDING THE PLAINTIFF HAS
STANDING, THE COURT HAS PERSONAL JURISDICTION
AND VENUE, AND SETTING A SECOND SCHEDULING CONFERENCE**

<u>II. DISCUSSION</u>

**A.    The Court has subject matter jurisdiction.**

Although the Court has federal question jurisdiction under 28 U.S.C. § 1331, Hunt has the burden of establishing Article III standing. <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 561 (1992) (noting that "[t]he party invoking federal jurisdiction bears the burden of establishing" Article III standing).

"Article III of the Constitution limits the jurisdiction of federal courts to 'Cases' and 'Controversies.'" <u>Wikimedia Found. v. Nat'l Sec. Agency</u>, 857 F.3d 193, 207 (4th Cir. 2017) (quoting U.S. Const. art. III, § 2).  "The doctrine of standing gives meaning to these constitutional limits by 'identifying those disputes which are appropriately resolved through the judicial process.'" <u>Susan B. Anthony List v. Driehaus</u>, 573 U.S. 149, 157 (2014) (cleaned up) (quoting <u>Lujan</u>, 504 U.S. at 560).

"To establish standing, a plaintiff must show: (1) an injury in fact; (2) a sufficient causal connection between the injury and the conduct complained of; and (3) a likelihood that the injury will be redressed by a favorable decision." <u>Wikimedia Found.</u>, 857 F.3d at 207 (citation omitted). "To establish injury

in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1548 (2016) (quoting Lujan, 504 U.S. at 560). "For an injury to be particularized, it must affect the plaintiff in a personal and individual way." Id. (cleaned up).

Here, Hunt has satisfied her burden of establishing each element. First, the parties do not dispute that Hunt sufficiently alleged an injury in fact by alleging that the Defendants willfully paid her, and others similarly situated, less than the minimum wage for work performed during three pay periods amidst the recent Government shutdown (Dkt. Nos. 20, 21, 23). Although the Defendants eventually paid these wages, other courts have held that employers violate the FLSA by failing to pay minimum wages on time during a budget impasse.[1] See, e.g., Biggs v. Wilson, 1 F.3d 1537 (9th Cir. 1993) (holding that

---

[1] Although the Defendants assert that the late payment of wages is not a violation of the FLSA as a matter of law (Dkt. No. 21 at 9-14), they do not contend that the late payment of wages does not give rise to Article III standing.

California violated the FLSA by not timely paying state highway maintenance workers their minimum wages during the 1990 budget impasse), cert. denied, 510 U.S. 1081 (1994); Caldman v. California, 852 F. Supp. 898, 900 (E.D. Ca. 1994) (holding that California violated the FLSA by not timely paying plaintiffs their minimum wages during the 1992 budget impasse).

Second, it is undisputed that Hunt's injury is fairly traceable to the challenged actions of the Defendants (Dkt. Nos. 20, 21, 23). The Defendants employed Hunt and caused her injury by failing to timely pay her, and others similarly situated, not less than the minimum wage due for work performed during three pay periods. Third, it is undisputed that Hunt's injury will be redressed by a favorable decision (Dkt. Nos. 20, 21, 23). If she succeeds on the merits, she would be entitled to damages under 29 U.S.C. § 216(b), which includes, among others, liquidated damages for violations of 29 U.S.C. § 207 (minimum wage provision). See also Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 707 (1945) (noting that the liquidated damages provision of the FLSA recognizes that the "failure to pay the statutory minimum on time may be so detrimental to maintenance of the minimum

**MEMORANDUM OPINION AND**
**ORDER CONCLUDING THE PLAINTIFF HAS**
**STANDING, THE COURT HAS PERSONAL JURISDICTION**
**AND VENUE, AND SETTING A SECOND SCHEDULING CONFERENCE**

standard of living 'necessary for health, efficiency, and general well-being of workers' and to the free flow of commerce, that double payment must be made in the event of delay in order to insure restoration of the worker to that minimum standard of well-being").

**B.    The Court has personal jurisdiction.**

**1.    The Defendants waived their defense of lack of personal jurisdiction.**

Although not addressed by the parties' briefs (Dkt. No. 20, 21, 23), the Court concludes that the Defendants waived their defense of lack of personal jurisdiction under Federal Rule of Civil Procedure 12(h)(1) by failing to raise it by motion under Federal Rule of Civil Procedure 12(b)(2) or by asserting it in their Answer to the Amended Complaint.

Parties may raise a defense of lack of personal jurisdiction by filing a motion to dismiss under Rule 12(b)(2). Fed. R. Civ. P. 12(b)(2). However, "[a] party waives any defense listed in Rule 12(b)(2)-(5) by: (A) omitting it from a motion in the circumstances described in Rule 12(g)(2); or (B) failing to either: (i) make it by motion under this rule; or (ii) include

it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course." Fed. R. Civ. P. 12(h)(1).

Here, because Rule 12(h)(1)(A) does not apply, the Defendants have waived the defense of lack of personal jurisdiction by failing to raise it in a Rule 12(b)(2) motion to dismiss and failing to include it in their Answer to the Amended Complaint (Dkt. No. 10). See <u>Combe Inc. v. Dr. August Wolff GmbH & Co. KG Arzneimittel</u>, 283 F. Supp. 3d 519, 522 (E.D. Va. 2017) (concluding that the defendant waived its defense of lack of personal jurisdiction by failing to raise it in its answer or a responsive pleading). And by failing to raise this defense, the Defendant's actions "amount to a legal submission to the jurisdiction of the [C]ourt, whether voluntary or not." <u>Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee</u>, 456 U.S. 694, 704-05 (1982).[2]

---

[2] "[U]nlike subject-matter jurisdiction, which even an appellate court may review *sua sponte*, under Rule 12(h), . . . '[a] defense of lack of jurisdiction over the person . . . is waived' if not timely raised in the answer or a responsive pleading." <u>Ins. Corp. of Ireland, Ltd.</u>, 456 U.S. at 704 (first alteration added).

**MEMORANDUM OPINION AND
ORDER CONCLUDING THE PLAINTIFF HAS
STANDING, THE COURT HAS PERSONAL JURISDICTION
AND VENUE, AND SETTING A SECOND SCHEDULING CONFERENCE**

---

    **2. Alternatively, the Court has specific personal
jurisdiction.**

Even had they not waived the defense of lack of personal
jurisdiction, the Court concludes that it has specific personal
jurisdiction over the Defendants in this collective action.
Although the United States Court of Appeals for the Fourth
Circuit has not yet addressed the question of specific personal
jurisdiction under the FLSA in a collective action, and courts
are split on their views of the proper answer, <u>see, e.g.</u>,
<u>Chernus v. Logitech, Inc.</u>, No. 17-673(FLW), 2018 WL 1981481, at
*7 (D.N.J. Apr. 27, 2018) (collecting cases), the Court
concludes that <u>Bristol-Myers Squibb Co. v. Superior Court of
California, San Francisco Cty.</u>, 137 S. Ct. 1773 (2017) does not
apply to FLSA collective actions.[3] <u>See Mason v. Lumber
Liquidators, Inc.</u>, No. 17-CV-4780 (MKB), 2019 WL 2088609, at *4-
6 (E.D. N.Y. May 13, 2019) (declining to apply <u>Bristol-Myers</u> to
FLSA collective actions); <u>Swamy v. Title Source, Inc.</u>, No. C
17-01175 WHA, 2017 WL 5196780, at *2 (N.D. Cal. Nov. 10, 2017)

---

    [3] The parties do agree that the Court does not have general
jurisdiction over the Defendants (Dkt. Nos. 21 at 3, 23 at 3
n.3).

**HUNT v. INTERACTIVE MED. SPECIALISTS, INC., ET AL.     1:19CV13**

**MEMORANDUM OPINION AND
ORDER CONCLUDING THE PLAINTIFF HAS
STANDING, THE COURT HAS PERSONAL JURISDICTION
AND VENUE, AND SETTING A SECOND SCHEDULING CONFERENCE**

(same); see also Morgan v. U.S. Xpress, Inc., No. 3:17-cv-00085, 2018 WL 3580775, at *3-6 (W.D. Va. July 25, 2018) (holding "that Bristol-Myers Squibb's holding and logic do not extend to the federal class action context").

In Bristol-Myers Squibb, the Supreme Court of the United States held that the Fourteenth Amendment prohibited California from exercising specific personal jurisdiction over the nonresident plaintiffs' claims under California law because there was no connection between the forum and the claims at issue. 137 S. Ct. 1783-84. The nonresident plaintiffs were not California residents and had not suffered any harm in California; indeed, "all of the conduct giving rise to the nonresidents' claims [had] occurred elsewhere." Id. at 1782. But the Supreme Court limited its holding to mass tort actions filed in state court and specifically declined to address "whether the Fifth Amendment imposes the same restrictions on the exercise of personal jurisdiction by a federal court." Id. at 1784.

Addressing this question here, the Court concludes that Bristol-Myers Squibb's holding does not extend to collective actions under the FLSA because, "unlike Bristol-Myers Squibb,

there is only one suit: the suit between Plaintiff and [the] Defendant[s]. While Plaintiff may end up representing other class members, this is different than a mass action where independent suits with independent parties in interest are joined for trial." Morgan, 2018 WL 3580775, at *5 (citation omitted). "This is critically important because Bristol-Myers Squibb framed the specific jurisdiction analysis at the level of the suit: the *suit* must arise out of or relate to the defendant's contacts with the forum." Id. (cleaned up) (emphasis in original). "Accordingly, unlike the mass action in Bristol-Myers Squibb, the only suit before the Court does arise out of or relate to Defendant's contacts with the forum." Id.

Absent Bristol-Myers Squibb, it is undisputed that the Defendants are subject to specific personal jurisdiction in West Virginia for claims brought by Hunt, "the sole named plaintiff in this action, which is all that is needed to satisfy the requirement of personal jurisdiction in an FLSA collective action." Swamy, 2017 WL 5196780, at *2.

9

**MEMORANDUM OPINION AND
ORDER CONCLUDING THE PLAINTIFF HAS
STANDING, THE COURT HAS PERSONAL JURISDICTION
AND VENUE, AND SETTING A SECOND SCHEDULING CONFERENCE**

## C.    Venue is proper in this District.

Although the Defendants' supplemental brief does not address venue (Dkt. No. 21), the Court nevertheless concludes that venue is proper in this District.

Under the FLSA, "[a]n action to recover . . . liability . . . may be maintained against any employer . . . in any Federal or state court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). But "[b]ecause the FLSA contains no special venue provisions, the general venue provisions of 28 U.S.C.A. § 1391 control." Section 1391(b) provides that:

> A civil action may be brought in--
>
>> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>>
>> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>>
>> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial

10

**HUNT v. INTERACTIVE MED. SPECIALISTS, INC., ET AL.**     **1:19CV13**

**MEMORANDUM OPINION AND**
**ORDER CONCLUDING THE PLAINTIFF HAS**
**STANDING, THE COURT HAS PERSONAL JURISDICTION**
**AND VENUE, AND SETTING A SECOND SCHEDULING CONFERENCE**

> district in which any defendant is
> subject to the court's personal
> jurisdiction with respect to such
> action.

Here, there is no doubt that a substantial part of the actions or omissions giving rise to the instant cause of action occurred in this District, the same actions or omissions that subject the Defendants to this Court's specific personal jurisdiction. Hunt is domiciled and is employed by the Defendants in Preston County, West Virginia (Dkt. No. 20 at 12-13). Indeed, Hunt and others similarly situated lived and worked in Preston County when the alleged FLSA violations occurred. Id. at 13. Although the Defendants are incorporated in California, they "regularly recruit, hire, direct, communicate with, pay, and employ individuals in West Virginia, including [] Hunt and members of the putative class." Id. And they have performed these activities for five or more years. Id.

Because a substantial part of the actions or omissions giving rise to this FLSA collective action occurred in this District, venue is proper under § 1391(b)(2).

## III. CONCLUSION

For the reasons discussed, the Court concludes that it has subject matter jurisdiction because Hunt has Article III standing; it has specific personal jurisdiction over the Defendants; and venue is proper in this District. Having resolved these questions, the Court:

- **SETS** a second scheduling conference by telephone for **Wednesday, December 18, 2019, at 2:00 P.M.;**

- **DIRECTS** counsel for Hunt to arrange the conference call and provide dial-in information to all parties and the Court, by email to **candace_levitsky@wvnd.uscourts.gov**, no later than **Monday, December 16, 2019, at 5:00 P.M.;** and

- **DIRECTS** the parties to file a revised written report pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule of Civil Procedure 16.01(c) by **Monday, December 16, 2019.**

It is so **ORDERED.**

12

**MEMORANDUM OPINION AND
ORDER CONCLUDING THE PLAINTIFF HAS
STANDING, THE COURT HAS PERSONAL JURISDICTION
AND VENUE, AND SETTING A SECOND SCHEDULING CONFERENCE**

The Court directs the Clerk to transmit copies of this Order

to counsel of record.

DATED: December 4, 2019

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE